DOUGLASS *v.* LINCOLN COUNTY, IN THE STATE OF MISSOURI.

(*Circuit Court, E. D. Missouri.*  December, 1880.)

1. MUNICIPAL BONDS—"ISSUED"—MISSOURI.
    Municipal bonds are not duly "issued," under the laws of Missouri, unless the same have been duly registered in the office of the state auditor.—[ED.

Defendant requests the court to instruct the jury as follows: "The jury are instructed that the bonds from which coupons sued on are alleged to have been detached were not executed or issued by the defendant until the same were countersigned, before delivery, by an agent of Lincoln county. If, therefore, the jury find from the evidence that either of the bonds sued on was thus countersigned and delivered after March 30, 1872, by James M. McClellan, claiming to act as agent of Lincoln county under and by virtue of an order of the county court of said county, made May 16, 1872, the jury are instructed that as to such bonds, and as to any coupons from such bonds detached, plaintiff cannot recover unless the jury further find from the evidence that said bonds and coupons have been registered in the office of the state auditor of the state of Missouri."

*John B. Henderson* and *John H. Overall*, for plaintiff.

*H. A. Cunningham*, for defendant.

TREAT, D. J., (*orally.*) The question presented is very clear. It is as to the meaning of the term "issued," as found in the act of the general assembly of the state of Missouri, entitled "An act to provide for the registration of bonds issued by counties, cities, and incorporated towns, and to limit the issue thereof." Section 4 provides: "Before any bond hereafter issued by any county, city, or incorporated town, for any purpose whatever, shall obtain validity or be negotiated, such bond shall first be presented to the auditor, who shall register the same in a book or books provided for that purpose, in the same manner as the state bonds are now registered, and who shall certify, by indorsement on such bond, that all the conditions of the law have been complied with in

its issue, if that be the case, and also that the conditions of the contract under which they were ordered to be issued have also been complied with, and the evidence of that fact shall be filed and preserved by the auditor," etc.   It seems from the evidence that the county court, on the twenty-first of June, 1870, ordered that these bonds be issued, and that the presiding judge of the county court and the clerk of the court signed the same, and that the seal of the county court was affixed thereto on said day, and that on the following day the bonds were placed in the hands of D. S. Waddy, as agent of Lincoln county; that afterwards, on the sixteenth of May, 1872, said Waddy resigned, and surrendered into the custody of the court all bonds numbered above a certain number; that on said day the court appointed James M. McClellan agent of Lincoln county, and that the bonds above said number are countersigned only by said James M. McClellan as agent of Lincoln county.   Upon the face of each of these bonds it is declared that "this bond shall be countersigned by the agent of said county before the delivery thereof."   I cannot hold that these bonds were properly executed or issued by Lincoln county before the same were countersigned and delivered or negotiated by the agent of Lincoln county, as required upon the face of each of said bonds.   Until these acts were duly performed by a duly authorized agent of Lincoln county, the bonds were neither executed nor issued, within the meaning of the aforesaid registration act, and I shall therefore give the instruction asked by defendant.

To which ruling of the court plaintiff's counsel excepted.